The Honorable Janis K. Lee State Senator, 36th District R.R. 1, Box 145 Kensington, Kansas 66951
Dear Senator Lee:
You inquire whether the scenario you present constitutes a violation of K.S.A. 16-1205(b)(3) which prohibits price discrimination by farm equipment manufacturers who sell to farm equipment dealers.
 FACTS PROVIDED AND RELIED UPON FOR ANALYSIS
You indicate that a certain manufacturer provides discounts on farm equipment sold to dealers who comply with the requirements of the manufacturer's certification program. You provide us with these facts: "According to the Program, each dealer is inspected by the [manufacturer's] representative and receives a score measured by approximately sixty standards. Based on these scores, dealers are placed in one of three categories, e.g., Certified, Standard or Non-Qualified. The placement of a dealer in the Non-Qualified or Standard categories is accompanied by significant negative consequences. Certified dealers on the other hand receive a larger rebate on their total purchases than dealers at lower levels." In sum, you indicate that even though dealers are not charged different prices at the time of purchase, they are guaranteed a quarterly rebate or allowance depending upon their degree of compliance with the program. Additionally you indicate that compliance is determined by the manufacturer in a subjective manner, dependent on the interpretation and discretion of the manufacturer's inspectors who determine whether the standards have been met.
 LEGAL ISSUE AND BACKGROUND
At issue is whether the manufacturer's certification program violates subsection (b)(3) of K.S.A. 16-1205 which states in part:
 "(b) It is a violation of this act for a farm equipment manufacturer: . . . (3) to discriminate in the prices charged for farm equipment of like grade and quality sold by the farm equipment manufacturer to similarly situated farm equipment dealers, except nothing herein shall prevent differentials which make only due allowance for differences in the cost of manufacture, sale or delivery resulting from the differing methods or quantities in which such farm equipment is sold or delivered, by the farm equipment manufacturer."
The statute, found in the Kansas Agricultural Equipment Dealership Act,[1] was intended to create a state equivalent[2] of the Robinson-Patman Act,[3] a principal federal statute directed at price discrimination.[4] The purpose of the prohibition of price discrimination is to insure that purchasers from a single supplier will not be injured by that supplier's discriminatory practices.[5]
In order to constitute a violation of K.S.A. 16-1205 (b)(3), a manufacturer must 1) charge a different price for farm equipment of like grade and quality 2) to similarly situated farm equipment dealers, where the differentials are not based on the cost of manufacture, sale or delivery. A price discrimination is just a difference in price; a price discrimination is obvious on its face: a seller charges different prices to different buyers.[6] An indirect price discrimination results when different conditions of sale result in a lower price to certain buyers.[7]
You have indicated that the rebates or allowances provided to dealers who comply with the program are higher than those provided to dealers who have not complied with the certification program, resulting in different prices to similarly situated dealers. The difference in allowances paid means that certified dealers pay less per item than other dealers who were not certified because they were not found to comply with the program. However, the price differences are not discriminatory if the program which determines whether a dealer becomes certified and gets a greater allowance is available to all the dealers equally.[8] Thus, the ability to obtain certification (and get the allowances) by becoming a certified dealer depends on the determination by the manufacturer's inspectors that all of the manufacturer's standards are met. In order for the program to be equally available, inspectors applying the standards must do so fairly. If unequal subjective assessments of compliance are utilized, the program is not equally available and would be in violation of the Act. In short, the price difference among the dealers amounts to price discrimination which lessens competition only if the certification program was not available to all competing dealers on a reasonably equivalent basis, even if some chose not to make the commitment necessary to obtain the certification. If the program is not available to all dealers on reasonably equivalent terms, the program violates the statutory provision because it lessens or limits competition by the use of a discriminatory practice. The question of "availability" is, however, a factual issue[9] involving a determination that the lower price (or certification in our case) is functionally, and not merely theoretically, available to the competing dealers.[10]
In conclusion it is our opinion that a manufacturer's certification program which results in different prices for farm equipment of like grade and quality sold to dealers similarly situated violates K.S.A.16-1205(b)(3) if it can be shown that the standards which determine compliance are applied by the manufacturer's inspectors in a subjective and unfair manner.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] K.S.A. 16-1202 et seq.
[2] Minutes, Senate Committee on Agriculture, March 6, 1986.
[3] 15 U.S.C. § 13.
[4] 1 ABA Section of Antitrust Law, Antitrust Law Developments 429 (4th ed. 1997).
[5] FTC v. Sun Oil Co., 371 U.S. 509, 83 S.Ct. 358, 9 L.Ed.2d 466(1963).
[6] Kintner, E. An Antitrust Primer, 64 (1964).
[7] Ibid.
[8] Rod Baxter Imports, Inc. v. SAAB-Scania of America, Inc.,489 F. Supp. 245 (D. Minn. 1980).
[9] Tri-Valley Packing Ass'n v. FTC, 329 F.2d 694, 704 (9th Cir. 1964).
[10] 1 ABA Section of Antitrust Law, Antitrust Law Developments 464 (4th ed. 1997); Comocoa Inc. v. NEC Telephones, Inc., 931 F.2d 655, 664, (10th Cir. 1991) citing FTC v. Morton Salt Co., 334 U.S. 37, 68 S.Ct. 822,92 L.Ed. 1196 (1948).